**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000381
30-JUN-2014
10:00 AM**

NO. CAAP-13-0000381

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DEAN T. MINAMI, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR NO. 12-1-1968)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, and Leonard and Reifurth, JJ.)

Defendant-Appellant Dean T. Minami ("Minami") appeals from the Judgment of Conviction and Sentence; Notice of Entry, filed on March 21, 2013, in the Family Court of the First Circuit ("Family Court").[1] Minami was convicted by a jury of Abuse of Family or Household Members, in violation of Hawaii Revised Statutes ("HRS") § 709-906(1).[2] Minami was sentenced to two days in jail and one year of probation, and assessed $130 in various fees.

---

[1] The Honorable Dean E. Ochiai presided.

[2] HRS § 709-906(1) provides:

> **Abuse of family or household members; penalty.** (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member . . . .
>
> For purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

HAW. REV. STAT. § 709-906(1) (Supp. 2012).

On appeal, Minami contends that the Family Court erred in denying his motions for judgment of acquittal and the jury wrongly found him guilty of violating HRS § 709-906 because there was insufficient evidence to prove that he caused the complaining witness ("CW"), his wife, to suffer bodily injury.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Judgment of Conviction and Sentence; Notice of Entry and resolve Minami's points as follows:

To prove "physical abuse" under HRS § 709-906(1), the Plaintiff-Appellee State of Hawaiʻi ("State") must show that the defendant caused "bodily injury" to another person. *See* HRS § 707-700 (1993); *State v. Nomura*, 79 Hawaiʻi 413, 416, 903 P.2d 718, 721 (App. 1995) ("[I]t is evident that to 'physically abuse' someone means to maltreat in such a manner as to cause injury, hurt, or damage to that person's body.") "'Bodily injury' means physical pain, illness, or any impairment of physical condition." HAW. REV. STAT. § 707-700.

Minami asserts that even when viewed in the light most favorable to the prosecution, "a reasonable mind could not have concluded that [he] was guilty beyond a reasonable doubt," and that his conviction "violated [his] due process right not to be convicted except on proof beyond a reasonable doubt of every element of the offense charged." We disagree.

We begin by observing that "[t]he test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." *State v. Richie*, 88 Hawaiʻi 19, 33, 960 P.2d 1227, 1241 (1998) (quoting *State v. Quitog*, 85 Hawaiʻi 128, 145, 938 P.2d 559, 576 (1997)).

> Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. Under such a review, we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact.

*State v. Timoteo*, 87 Hawaiʻi 108, 112-13, 952 P.2d 865, 869-70 (1997) (citing *State v. Jhun*, 83 Hawaiʻi 472, 481, 927 P.2d 1355,

1364 (1996)).

Honolulu Police Department Officer Nolan Chang testified that, upon his arrival at the residence, he observed that the side of CW's face was red. Moreover, CW's statement taken at the time of the incident reflected that Minami had slapped her in the face, punched her in the head, and kicked her in the leg.[3] CW testified that she felt pain after being slapped. Taking into account Officer Chang's testimony and CW's statement, the jury could reasonably infer that Minami caused physical pain, and thus bodily injury, to CW. *See State v. Tomas*, 84 Hawai'i 253, 264, 933 P.2d 90, 101 (App. 1997) *overruled on other grounds by State v. Gonzales*, 91 Hawai'i 446, 984 P.2d 1272 (App. 1999) (the testimony of the injured person suffices as evidence to prove bodily injury).

Inconsistencies between CW's trial testimony and her written statement do not diminish the sufficiency of the evidence. *State v. Eastman*, 81 Hawai'i 131, 138-39, 913 P.2d 57, 64-65 (1996) (holding that there was substantial evidence to convict, despite inconsistencies in the victim's testimony). It was within the jury's prerogative to believe CW's written statement, taken shortly after the incident, and to disbelieve her oral testimony in court because it is for the fact-finder to assess the credibility of witnesses and to resolve all questions of fact. A jury may also accept or reject a witness's testimony in whole or in part. *See Eastman,* 81 Hawai'i at 139, 913 P.2d at 65. Here, the jury may have accepted CW's testimony as to having suffered pain from being slapped, while rejecting that part of her testimony limiting the scope of the incident.

The State provided evidence for all three material elements of the offense of Abuse of Family or Household Members: (1) On September 8, 2012, Minami physically abused CW; (2) at the time, Minami and CW were family or household members; and (3) Minami acted intentionally, knowingly, or recklessly as to each of the foregoing elements. *See* HAW. REV. STAT. § 709-906(1).

---

[3] At trial, CW testified that she did not remember being hit, apart from the slap. She also testified that she loved Minami and did not want to see him get into any trouble.

Viewing the evidence in the light most favorable to the prosecution, *State v. Keawe,* 107 Hawai'i 1, 4, 108 P.3d 304, 307 (2005), the evidence presented was sufficient to lead a reasonable mind to conclude that Minami was guilty of the offense of Abuse of Family or Household Members. Thus, the Family Court properly denied Minami's motions for judgment of acquittal.

Since sufficient evidence was presented to support the conviction, Minami's right to due process was not violated. *Cf. State v. Puaio,* 78 Hawai'i 185, 191, 891 P.2d 272, 278 (1995) ("A conviction based on insufficient evidence of any element of the offense charged is a violation of due process . . . .") (citing *Jackson v. Virginia,* 443 U.S. 307, 316 (1979)).

Therefore,

The Judgment of Conviction and Sentence; Notice of Entry, filed on March 21, 2013 in the Family Court of the First Circuit, is affirmed.

DATED:   Honolulu, Hawai'i, June 30, 2014.


On the briefs:

Page C.K. Ogata,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4